WRIGHT, J.,
CONCURRING IN PART AND DISSENTING IN PART:
While I concur with the remainder of the opinion, I dissent as to the majority’s application of Toyota Motor Mfg., Kentucky, Inc. v. Czarnecki, 41 S.W.3d 868, 872 (Ky.App.2001). The majority takes fault with the ALJ’s statement that Toyota’s doctor did not inform Tudor of his “true condition,” pointing out -that not all of the medical professionals agreed as to the diagnosis of disc herniations. However, even if Toyota’s doctor disagreed with the MRI report, she was still obligated to inform Tudor of the potential herniations. The ALJ did make a finding as to the discs: he found Toyota failed to “inform [Tudor] that he suffered from two possibly herniated discs.” I disagree that the ALJ had to decide whether they were or were not herniated in order to find that the statute was tolled. Toyota’s failure to disclose this potential condition, as found by *507 the ALJ and evinced by the MRI report, was enough to toll the statute of limitations. The ALJ was in the best position to weigh all of the evidence and to choose what and whom to believe. He did just that. Therefore, I would affirm on this ground.
Noble, J., joins.